JOHN A. COLLINS, Respondent, *v.* GEORGE K. COLLINS et al., Impleaded, etc., Appellants.

(Argued March 1, 1892; decided March 15, 1892.)

APPEAL from judgment of the General Term of the Supreme Court in the fourth judicial department, entered upon an order made February 3, 1891, which affirmed as amended a judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term and affirmed an order denying a motion for a new trial.

*William G. Tracy* for appellants.

*T. E. Hancock* for respondent.

Agree to affirm on opinion below.
All concur.
Judgment affirmed.

JOSEPH ARON, Appellant, *v.* ALFRED DeCASTRO, Respondent.

(Argued March 3, 1892; decided March 15, 1892.)

APPEAL from judgment of the General Term of the Supreme Court in the first judicial department, entered upon an order made March 13, 1891, which affirmed a judgment in favor of defendant entered upon a decision of the court on trial at Special Term.

This was an action for the rescission of a sale of certain shares of stock claimed by plaintiff to have been made to him by defendant upon misrepresentations.

The following is the opinion in full:

" The defendant gave evidence that he did not sell the stock to plaintiff, that he had no interest in the sale, and that he never owned the stock and it was never in his possession. The witness Godchaux swore that Hector de Castro hired or employed him (the witness) to sell the stock, and that he did sell it to plaintiff, or at least that he entered into an agreement with the plaintiff for the sale of the stock to plaintiff,

and that such agreement was made before plaintiff even saw defendant. The parties agree that an interview took place between them before the actual transfer of the stock, but they differ radically both as to the object and the matter of such interview, the plaintiff claiming that defendant ratified and confirmed all the representations made by Godchaux relative to the stock, while the defendant particularly denies that the subject of the interview had any relation to the sale of the stock, or that any ratification took place as to representations made by Godchaux, or that anything relative to a sale or its terms was spoken of between them.

" Subsequent to such interview the plaintiff went to the office of the Forcite Company, where the stock was, as defendant states, in the possession of Ferguson, the secretary, and there handed to the defendant his check for the purchase of the stock, and the stock was then transferred to him. The original certificates were there and Ferguson, the secretary, put plaintiff's name in the blank power of attorney indorsed on the scrip, and thereupon issued new scrip to the plaintiff.

" The defendant received the check which was payable to his order, indorsed and deposited it to his own credit, and paid Godchaux the amount of his commissions and accounted for a portion of the balance by sending a certain sum to Paris. This left a sum between $800 and $1,100, which is not specifically accounted for, although defendant says he did account for it all. If these facts make out a sale by defendant to plaintiff either as owner or as agent of an undisclosed principal, then the question which the plaintiff seeks to raise here is properly before us; otherwise not. The defendant, it is seen, squarely denies that he ever sold the stock, either as agent or owner. Godchaux swears he sold it on the employment of Hector, and not for defendant at all.

" Does the receipt of the price of the stock through the check of the plaintiff, payable to defendant's order, and defendant's subsequent dealing with the proceeds of such sale as above described, make this a sale of stock by defendant as agent or owner, notwithstanding his testimony and that of Godchaux? We must, in this court, assume the truth of the testimony of defendant and Godchaux, however much we might, if triors

of fact, be inclined to doubt it. The trial judge has found the sale was made by Godchaux on the employment of Hector, and not by the defendant or by his employment, and unless the law says that the evidence as to the receipt of the proceeds of the sale by defendant makes a sale by him as owner or agent, or by Godchaux as his agent, then we are bound by the finding of fact and no error is apparent.

"We are of opinion that a sale by defendant, either personally or through the agency of Godchaux, does not follow, as matter of law, from the evidence in the case.

"Taking the version of the case as made by the defendant to be true, and we have the fact that the negotiations and agreement for the sale were made by Godchaux on Hector's employment, the stock being in the possession of Hector, or of Ferguson, the secretary of the company. The plaintiff receives the stock or new scrip, issued in exchange for the original three certificates, from the hands of the secretary and hands to defendant his check payable to defendant's order for the amount of the sale and defendant deposits it and accounts for it all.

"From the evidence it does not follow as a legal conclusion that defendant sold this stock either as agent of an undiscovered principal or as owner, or that he ratified the sale by Godchaux as his agent. The finding is to the contrary. There is evidence to support such finding, and the uncontradicted evidence does not necessarily show any liability on the part of the defendant.

"The simple receipt of the proceeds by him and his disposition thereof as testified to by him, cannot be held to necessarily alter the fact found that he did not sell the stock, or own it, or have any interest in it. The two positions are not legally incompatible, hence the defendant cannot be held liable to respond to plaintiff's demand for a rescission of a contract which defendant never made, either as agent or owner, and which he never ratified as an act of an assumed agent of his own.

"The trial judge having found the fact, upon sufficient evidence, that the transaction was in truth as claimed by Godchaux and defendant, the refusal of the judge to find the facts

as requested by the plaintiff was immaterial and the exception to such refusal gives no ground for a new trial.

"The judgment should be affirmed, with costs."

*John E. Parsons* for appellant.

*Robert H. Griffin* for respondent.

PECKHAM, J., reads for affirmance.
All concur.
Judgment affirmed. _____

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* JOSEPH L. TICE, Appellant.

The court will not, under the authority conferred upon it by the act of 1887 (Chap. 493, Laws of 1887), to grant a new trial on appeal from a judgment of conviction in a capital case, interfere with a verdict supported by sufficient evidence, unless it reaches the conclusion on the whole case that there is a strong probability that injustice has been done.

Where the defendant in a criminal action avails himself of the privilege given him by the Code of Criminal Procedure (§ 393) of testifying as a witness in his own behalf, he places himself in the position of any other witness in respect to the right of cross-examination, and he may be required to answer questions affecting his credibility, or as to matters relative to the issue, although having no relation to his testimony on the direct examination.

Where, therefore, upon the trial for murder, wherein the defense of insanity was interposed, defendant testified as a witness in his own behalf, *held*, that he was properly required to answer questions relating to his life tending to test his memory, and to show that unpleasant relations existed between him and the deceased, about the time of the homicide; and also questions bearing upon facts brought out on the trial, in regard to which he had not testified on his direct examination.

(Argued March 4, 1892; decided March 15, 1892.)

APPEAL from judgment of the Court of Oyer and Terminer for Monroe county, entered upon a verdict rendered December 9, 1891, convicting the defendant of the crime of murder in the first degree and from an order denying a motion for a new trial upon the minutes.

The following is the opinion in full: